FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 22, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RENE C.,<br><br>      Plaintiff,<br>v.<br><br>ANDREW M. SAUL, Commissioner of the Social Security Administration,<br><br>      Defendant. | No: 1:19-CV-03259-FVS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 14, 15. This matter was submitted for consideration without oral argument. Plaintiff is represented by attorney D. James Tree. Defendant is represented by Special Assistant United States Attorney Benjamin J. Groebner. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment, ECF No. 14, **DENIES** Defendant's

ORDER ~ 1

Motion for Summary Judgment, ECF No. 15, and **REMANDS** the case for additional proceedings consistent with this Order.

## JURISDICTION

Plaintiff Rene C.[1] filed an application for Supplemental Security Income (SSI) on September 19, 2016, Tr. 92, alleging disability since December 1, 2015, Tr. 201, due to back injury/pain, left ankle injury, depression, and anxiety, Tr. 219. Benefits were denied initially, Tr. 111-19, and upon reconsideration, Tr. 123-29. A hearing before Administrative Law Judge Tom L. Morris ("ALJ") was conducted on March 16, 2018. Tr. 33-77. Plaintiff was represented by counsel and testified at the hearing. *Id*. The ALJ also took the testimony of vocational expert Carrie Whitlow. *Id*. The ALJ denied benefits on August 23, 2018. Tr. 15-27. The Appeals Council denied Plaintiff's request for review on September 12, 2019. Tr. 1-6. The matter is now before this Court pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner.

---

[1] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER ~ 2

Only the most pertinent facts are summarized here.

Plaintiff was 44 years old at the date of application. Tr. 201. The highest grade he completed was the seventh. Tr. 220. Plaintiff's past work includes jobs as a cement finisher, a laborer, a pipe layer, and an operator of a top cutter machine. *Id*. At application, he stated that he stopped working on September 1, 2009, due to his conditions. Tr. 219.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id*. (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id*.

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational

ORDER ~ 3

interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial

ORDER ~ 4

gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his limitations, 20 C.F.R. §

ORDER ~ 5

416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386,

ORDER ~ 6

389 (9th Cir. 2012).

## THE ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since September 19, 2016, the application date. Tr. 17. At step two, the ALJ found that Plaintiff has the following severe impairments: spine disorder; left ankle injury; obesity; affective disorder; anxiety disorder; somatoform disorder; alcohol and substance addiction disorders. Tr. 17. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 17. The ALJ then found that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. § 416.967(b) except he has the following limitations:

> the claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently. He can stand and/or walk (with normal breaks) for a total of about four hours in an eight-hour workday. He can work on tasks that permits a sit stand option. He can sit (with normal breaks) for a total [of] about six hours in an eight-hour workday. He can frequently balance, kneeling, and crouching. He can occasionally climb ramps, stairs, ladders, ropes, and scaffolds. He can occasionally stoop, and crawl. He must avoid concentrated exposure to hazards such as dangerous machinery, and unprotected heights. He must avoid concentrated exposure to vibrations. He may be off tasks up to 10 percent over the course of an eight-hour workday.

Tr. 19.

At step four, the ALJ identified Plaintiff's past relevant work as a construction worker, a farm machine operator, and a flagger, and found that he is not capable of performing his past relevant work. Tr. 25. At step five, the ALJ

ORDER ~ 7

found that considering Plaintiff's age, education, work experience, and RFC, there were other jobs that exist in significant numbers in the national economy that Plaintiff could perform, including: assembler production; inspector and hand packager; and parking lot attendant. Tr. 26. On that basis, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from September 19, 2016, the date of application, through the date of his decision. Tr. 27.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him SSI under Title XVI. ECF No. 14. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ erred in weighing the medical source opinions;
2. Whether the ALJ properly considered Plaintiff's symptom claims; and
3. Whether the ALJ made a proper step four determination.

## DISCUSSION

**1. Medical Source Opinions**

Plaintiff challenges the weight the ALJ assigned to the medical opinions of K. Scott Reinmuth, M.D. and Alexander Patterson, Psy.D. ECF No. 14 at 8-13.

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005).

ORDER ~ 8

Conversely, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)). Social Security Ruling (S.S.R.) 96-8p states that the RFC assessment "must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."

**A.     K. Scott Reinmuth, M.D.**

On March 30, 2017, Dr. Reinmuth completed a Medical Report form. Tr. 364-65. He opined that Plaintiff would need to lie down and stretch during the day for 45 minutes at a time. Tr. 364. He also opined that regular and continues work would cause Plaintiff's condition to deteriorate. Tr. 365. He further opined that Plaintiff would likely miss four or more days per month if he attempted to work a 40-hour a week schedule. *Id*. He stated that Plaintiff's limitations had been present since late 2015 or early 2016. *Id*.

The ALJ gave the opinion little weight because Plaintiff's reported activities were consistent with the ability to perform medium and light work. Tr. 24. A claimant's testimony about his daily activities may be seen as inconsistent with the presence of a disabling condition. *See Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir. 1990). Here, the ALJ focuses on Plaintiff's abilities to make simple meals, do the laundry, wash dishes, take out the trash, mow the lawn, sweep, vacuum, and go

ORDER ~ 9

1  grocery shopping. Tr. 24. Additionally, the ALJ cited Plaintiff's testimony of
2  helping his mother with her home chores, taking her to the store, and providing
3  verbal guidance for his disabled brother. *Id*. The ALJ supported his rejection of
4  Dr. Reinmuth's opinion by stating that "[t]hese abilities are consistent with the
5  ability to perform work at the medium exertional level. These abilities are
6  consistent with the ability to perform work at the light exertional level." *Id*.
7  However, the ALJ failed to state how Plaintiff's activities are inconsistent with Dr.
8  Reinmuth's opinion. The ALJ's finding that Plaintiff's activities are consistent
9  with medium and light exertional work fails to demonstrate any inconsistencies
10 with the opinion itself. Dr. Reinmuth did not limit Plaintiff to a specific exertional
11 range, but stated Plaintiff would need additional breaks and would likely miss
12 work if attempting to work full time. Tr. 364-65. Therefore, the ability to perform
13 household chores in a manner that would allow for these breaks is not inconsistent
14 with Dr. Reinmuth's opinion. *See Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir.
15 2017). Therefore, this case is remanded for additional proceedings to allow the
16 ALJ to properly evaluate the opinion.

17 **B.    Alexander Patterson, Psy.D.**

18 On November 16, 2016, Dr. Patterson competed a consultative evaluation of
19 Plaintiff. Tr. 338-42. Dr. Patterson diagnosed Plaintiff with adjustment disorder
20 with depressed mood, somatic symptom disorder, and cocaine use disorder in
21 sustained full remission. Tr. 341. He opined that Plaintiff "would have difficulty

ORDER ~ 10

completing a normal workday without interruptions from his psychiatric condition due to severe depression symptoms," and "would have difficulty dealing with the usual stress encountered in the workplace due to his chronic high level of emotional distress and resigned demeanor." Tr. 342. The ALJ gave little weight to the opinion because it was based on Plaintiff's self-reports and because he did not participate in any mental health treatment. Tr. 25. The ALJ also implied that the opinion was not supported by the evidence. Tr. 25.

The ALJ's first reason for rejecting the opinion, that it was based on Plaintiff's self-reports, is not specific and legitimate. A doctor's opinion may be discounted if it relies on a claimant's unreliable self-report. *Bayliss*, 427 F.3d at 1217; *Tommasetti*, 533 F.3d at 1041. But the ALJ must provide the basis for his conclusion that the opinion was based on a claimant's self-reports. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Here, the ALJ provided no such basis for his conclusion. Therefore, this reason fails to meet the specific and legitimate standard.

The ALJ's second reason for rejecting the opinion, that Plaintiff did not participate in mental health treatment, is not specific and legitimate. The Ninth Circuit has found that "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). Simply because Plaintiff failed to seek treatment for mental health impairments does not mean that the impairments

ORDER ~ 11

1  did not limit his abilities.  Therefore, this reason does not meet the specific and
2  legitimate standard.
3     The ALJ then implied that Dr. Patterson's opinion was not supported by the
4  medical evidence by stating that "[d]espite his complaints, the claimant was
5  oriented to time, place, person, and situation, had appropriate mood and affect and
6  was cooperating during his examinations." Tr. 25.  However, implied reasons do
7  not meet the specific and legitimate standard.  Therefore, this is insufficient to
8  support the ALJ's rejection of the opinion.  Upon remand, the ALJ will also
9  readdress Dr. Patterson's opinion.

10 **2.   Plaintiff's Symptom Statements**
11    Plaintiff challenges the ALJ's treatment of his symptom statements.  ECF
12 No. 14 at 18-21.
13    It is generally the province of the ALJ to make determinations regarding the
14 reliability of Plaintiff's symptom statements, *Andrews v. Shalala*, 53 F.3d 1035,
15 1039 (9th Cir. 1995), but the ALJ's findings must be supported by specific cogent
16 reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Absent
17 affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's
18 testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d
19 1273, 1281 (9th Cir. 1996); *Lester*, 81 F.3d at 834.  "General findings are
20 insufficient:  rather the ALJ must identify what testimony is not credible and what
21 evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

ORDER ~ 12

The ALJ found Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 20.  The ALJ provided two reasons for rejecting Plaintiff's symptom statements: (1) that the objective medical evidence did not support Plaintiff's allegations regarding the severity of his impairments, Tr. 20; and (2) Plaintiff's own statements regarding his physical and mental limitations were inconsistent with his reported activities, Tr. 23.

The ALJ's first reason for rejecting Plaintiff's symptom statements, that they were inconsistent with the objective medical evidence, is not specific, clear and convincing.  Objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects," but it cannot serve as the only reason for rejecting a claimant's symptom statements.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).  As addressed below, the ALJ failed to provide other reasons that met the specific, clear and convincing standard.  Therefore, this reason alone cannot support the ALJ's rejection of Plaintiff's symptom statements.

The ALJ's second reason for rejecting Plaintiff's symptom statements, that they were inconsistent with Plaintiff's reported activities, is not specific, clear and convincing.  The ALJ found that Plaintiff's testimony that he helped his mother with chores and by taking her to the store undermined his symptom statements.  Tr. 23.  He also found that Plaintiff helping with his disabled brother by providing

ORDER ~ 13

1  guidance was inconsistent with his reported limitations.  *Id*.  The Ninth Circuit has

2  warned ALJs against using simple household activities against a person when

3  evaluating their testimony:

> We have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day.

*Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014).  Therefore, this reason is insufficient to meet the specific, clear and convenience standard.

Defendant argues that the ALJ also rejected Plaintiff's symptom statements because they were unsupported by Plaintiff's course of treatment.  ECF No. 15 at 4.  The ALJ did state that Plaintiff did not pursue treatment options presented by providers. Tr. 23.  However, the ALJ provided this information as part of his summary of the medical evidence, and not as a distinct reason for rejecting Plaintiff's statements.  As such, Defendant's assertion is a *post hoc* rationalization, which will not be considered by this Court.  *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (The Court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely.").

Upon remand, the ALJ will readdress Plaintiff's symptom statements.

**3.    Step Five**

Plaintiff also challenges the ALJ's step five determination by arguing that

ORDER ~ 14

1  the numbers provide by the vocational expert were unsupported.  ECF No. 14 at

2  13-18.

3  Since the ALJ has been instructed to readdress the medical opinions in the

4  record and Plaintiff's symptom statements, a new RFC determination will be

5  required.  20 C.F.R. § 416.945.  A new RFC determination means the ALJ will

6  also have to make a new step four and a new step five determination.  Upon

7  remand, the ALJ will call a vocational expert to provide testimony at steps four

8  and, if necessary, step five.

## CONCLUSION

10  The decision whether to remand for further proceedings or reverse and

11  award benefits is within the discretion of the district court.  *McAllister v. Sullivan*,

12  888 F.2d 599, 603 (9th Cir. 1989).  An immediate award of benefits is appropriate

13  where "no useful purpose would be served by further administrative proceedings,

14  or where the record has been thoroughly developed," *Varney v. Sec'y of Health &*

15  *Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by

16  remand would be "unduly burdensome[.]"  *Terry v. Sullivan*, 903 F.2d 1273, 1280

17  (9th Cir. 1990); *see also Garrison*, 759 F.3d at 1021 (noting that a district court

18  may abuse its discretion not to remand for benefits when all of these conditions are

19  met).  This policy is based on the "need to expedite disability claims."  *Varney*,

20  859 F.2d at 1401.  But where there are outstanding issues that must be resolved

21  before a determination can be made, and it is not clear from the record that the ALJ

ORDER ~ 15

1 would be required to find a claimant disabled if all the evidence were properly
2 evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96
3 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

4      The Court finds that further administrative proceedings are appropriate. *See*
5 *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014)
6 (remand for benefits is not appropriate when further administrative proceedings
7 would serve a useful purpose). Here, it is not clear from the record that the ALJ
8 would be required to find a claimant disabled if all the evidence were properly
9 evaluated. Therefore, the Court remands this case for further proceedings
10 consistent with this Order.

11      On remand, the ALJ shall weigh the opinions of Dr. Reinmuth and Dr.
12 Patterson, readdress Plaintiff's symptom statements, form a new RFC, and make
13 new determinations at steps four and five. In addition, the ALJ should supplement
14 the record with any outstanding medical evidence and take the testimony of a
15 vocational expert at remand proceedings.

16      **ACCORDINGLY, IT IS HEREBY ORDERED:**

17      1. Plaintiff's Motion for Summary Judgment, ECF No. 14, is **GRANTED,**
18          **in part,** and the matter is remanded for further proceedings consistent
19          with this Order.

20 ///
21 ///

ORDER ~ 16

2. Defendant's Motion for Summary Judgment, ECF No. 15 is **DENIED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel, enter judgment in favor of the Plaintiff, and **CLOSE** the file.

DATED: September 22, 2020.



Stanley A. Bastian
Chief United States District Judge

ORDER ~ 17